IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE JOHNSON ADAMS and BARRY ADAMS | : | CIVIL ACTION |
| | : | |
| v. | | |
| | : | |
| STEVEN CABREJA, MELISSA FINN, and MOTHER B. PRODUCTIONS | : | NO. 06-1601 |

**MEMORANDUM OF DECISION**

THOMAS J. RUETER                                                                          May 30, 2007
United States Magistrate Judge

      Presently before the court for decision is an automobile accident case filed by plaintiffs, Elaine Johnson Adams and Barry Adams, against defendants, Steven Cabreja, Melissa Finn, and Mother B. Productions. The court heard this case without a jury on May 18, 2007. After careful consideration of the testimony presented at trial, as well as the exhibits admitted into evidence by the parties, and in accordance with Fed. R. Civ. P. 52(a), the court makes the following:

**FINDINGS OF FACT**

      1.      During the afternoon of September 20, 2004, plaintiff, Elaine Johnson Adams, was walking in the cross walk at the intersection of 15th and Locust Streets in Philadelphia, Pennsylvania. The traffic light in her direction was "green" as she crossed the intersection.

2. While Mrs. Adams crossed the intersection, she was struck by an automobile driven by defendant Steven Cabreja. As a result of the impact, Mrs. Adams fell down onto the hood of the car and subsequently dropped to the ground on her buttocks.

3. Mrs. Adams' buttocks experienced pain after the accident. She remained on the ground until an ambulance arrived and transferred her to the Thomas Jefferson University Hospital.

4. The parties stipulate that at the time of the accident defendant, Steven Cabreja, was an employee/agent of Mother B. Productions and he was acting within the scope of his employment with that company. The owner of the car that Steven Cabreja drove that day was defendant, Melissa Finn.

5. At the Emergency Room, Mrs. Adams experienced back pain. She had contusions, but x-rays revealed no fractures. The Hospital released her that same day and recommended follow-up care with her primary physician.

6. Since the accident to date, Mrs. Adams has suffered from severe pain in her lower back. This substantial and consistent back pain was not present prior to the accident, and will continue into the future.

7. This court credits the testimony of Laurie A. Browngoehl, M.D. who concluded that Mrs. Adams' "current back problems are a result of disc protrusion caused by the accident, exacerbation of degenerative changes caused by the accident and post-traumatic myofascial pain caused by the accident." See Ex. P-20 (Dr. Browngoehl Report dated Oct. 5, 2006 at 5). See also Ex. P-6 (Reports of Drs. Krachman and Richter which support Dr. Browngoehl's conclusion). This court does not credit the report of the defense expert, Edward J.

Resnick, M.D. (Ex. D-1), for the reasons set forth in Dr. Browngoehl's Supplemental Report dated March 30, 2007 (Ex. P-21).

       8.      The court further credits the testimony of Mr. and Mrs. Adams that Mrs. Adams' quality of life has been substantially impacted by the injuries she sustained in the accident. Mrs. Adams has difficulty with normal household tasks she successfully performed prior to the accident. As a result, her husband and daughter have assumed many of the tasks that Mrs. Adams previously performed, such as doing the laundry and going grocery shopping.

       9.      As a result of the lower back pain caused by the accident, Mrs. Adams has trouble performing activities which require bending or reaching. She experiences difficulty negotiating stairs. She is no longer able to be the primary care giver of her ninety-one year old father who lives with plaintiffs at their home. Mr. Adams assumed many of the tasks required for the care of Mrs. Adams' elderly father.

      10.      The injuries that Mrs. Adams sustained from the accident have negatively impacted her employment.

      11.      At the time of the accident, Mrs. Adams was employed by Aronson, Johnson and Ortiz, an investment firm in Philadelphia, PA. She was the Administrative Assistant/Secretary to the Managing Principal of the firm when the accident occurred. In this position, Mrs. Adams handled correspondence, presentations, filing, greeting guests, copying and clerical work.

      12.      As a result of the accident, Mrs. Adams missed ten days from work. However, she made no claim for past lost wages.

13. As part of her duties in the position of Administrative Assistant/Secretary, Mrs. Adams was required to climb up and down one flight of stairs, from her location to the Managing Principal's office. Photographs of the stairs demonstrate that those stairs are lengthy and steep. (Ex. P-23.)

14. As a result of the back pain she incurred from the accident, Mrs. Adams is no longer able to go up and down the above-described stairs as required by her job. As a result, the company replaced Mrs. Adams in her prior position and assigned her a different job making travel arrangements for employees. In this new job, Mrs. Adams does not need to navigate the stairs.

15. As the result of losing her position as Administrative Assistant/Secretary to the Managing Principal, Mrs. Adams has been distressed and anxious about her job security at the company. Mrs. Adams believes that she had more job security in her previous position than in her current position. However, Mrs. Adams' salary has not been decreased because she switched positions.

16. The court credits Mrs. Adams' testimony that she has lower back pain on a regular basis, which is exacerbated by walking steps and other activities. She suffers sleeplessness on occasion from the lower back pain.

17. Plaintiff, Barry Adams, is the husband of plaintiff, Elaine Johnson Adams. He credibly testified that his intimate marital relationship with his wife has suffered because of the pain she incurred as a result of the accident. Mr. Adams further stated that he had to assume additional household duties and become the primary care giver to his elderly father-in-law because his wife is no longer able to care for her father as she did prior to the accident.

Having made the foregoing Findings of Fact, the court makes the following:

## CONCLUSIONS OF LAW

1. Defendant, Steven Cabreja, was 100% negligent when he struck Mrs. Adams with his automobile.

2. Plaintiff, Mrs. Adams, was not contributorily negligent and at all times acted reasonably and with due care.

3. Defendant Cabreja's negligence caused substantial injuries to plaintiffs, Mr. and Mrs. Adams.

4. Defendant Cabreja's employer, defendant Mother B. Productions, is vicariously liable for the negligence of defendant, Cabreja.

5. Plaintiff, Elaine Johnson Adams, suffered past pain and suffering and will suffer future pain and suffering as a result of the injuries she sustained from the accident. The court awards plaintiff, Mrs. Adams, the sum of $100,000 in damages as compensation for this pain and suffering. This sum is for both the physical pain and suffering, and for the emotional suffering, such as the anxiety and stress resulting from the change in her job duties, as a result of the injuries she sustained in the accident.

6. The court does not award any damages to plaintiff, Mrs. Adams, for diminished earning capacity because there is no competent proof that her ability to earn has been reduced. Plaintiff's argument that her earning capacity has been reduced is purely speculative. Plaintiff's current rate of pay has not decreased since the accident and there is no evidence to suggest that she will lose her current job in the near future.

7. Plaintiffs have not presented sufficient evidence for this court to award damages for past medical expenses. Therefore, no award for past medical expenses will be given. See 75 Pa. Cons. Stat. Ann. § 1722 (precluding recovery from tortfeasor of the amount of benefits paid or payable under the Motor Vehicle Financial Responsibility Law); Moorhead v. Crozer Chester Med. Ctr., 765 A.2d 786, 789 (Pa. 2001) (patient's recovery for past medical services limited to amount actually paid and accepted as full payment for services rendered by hospital, rather than fair and reasonable value of medical services).

8. Furthermore, the court will not award damages for future medical expenses. Under Pennsylvania law, plaintiff must prove, by expert testimony, that future medical expenses will be incurred, and the reasonable estimated costs of such services. Mendralla v. Weaver Corp., 703 A.2d 480, 485 (Pa. Super. Ct. 1997). Plaintiff, Mrs. Adams, failed to satisfy this burden.

9. Plaintiff, Barry Adams, is entitled to recover for loss of consortium. The court awards Barry Adams the sum of $25,000 for this loss.

10. Accordingly, for all the above reasons, the court will enter judgment in favor of plaintiffs and against defendants, Steven Cabreja, and Mother B. Productions in the amount of $125,000. The court also will grant judgment in favor of Melissa Finn and against plaintiffs as there has been no showing by plaintiffs that Ms. Finn shares any responsibility for the accident. A Judgment Order is attached hereto.

BY THE COURT:

/s/  Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge